IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| M S INTERNATIONAL, INC., an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEST COAST GROUP, INC. d/b/a GALAXY STONE and GALAXY STONES, a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff M S INTERNATIONAL INC. ("MSI" or "Plaintiff"), for its Complaint against defendants WEST COAST GROUP, INC. d/b/a GALAXY STONE and GALAXY STONES ("Galaxy") and DOES 1 through 10, inclusive, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION / JURISDICTION AND VENUE

1.  This is an action involving claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and trademark infringement, unfair competition and unjust enrichment under Texas law. This Court has jurisdiction pursuant to 28 U.S. C. § 1338(a) and (b), and 1367.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside in this judicial district, a substantial part of the events, omissions and acts which are the subject matter of this action occurred within this judicial district, and a substantial part of the property that is the subject of the action is located in this judicial district.

## THE PARTIES

3. MSI is an Indiana corporation having a principal place of business located at 2095 N. Batavia St., Orange, California. MSI also has a place of business and showroom in this judicial district, located at 14777 Chrisman Road, Houston, Texas, 77039.

4. MSI is informed and believes, and thereon alleges, that Galaxy is a corporation formed under the laws of Texas with a principal place of business located at 9134 North Fwy, Houston, Texas, 77037.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to MSI, which therefore sues said defendants by such fictitious names. MSI will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. MSI is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in

and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

6. MSI alleges on information and belief that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to MSI for the damages and relief sought herein.

7. MSI alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## MSI'S BUSINESS

8. MSI is one of the leading distributors of flooring, countertop, wall tile and hardscaping products in North America. Founded in 1975, MSI started out as a company primarily providing tombstones and monuments (most notably, the black granite for the Vietnam Veterans Memorial in Washington, D.C.).

9. By 2008, MSI was among the top importers of natural stone in the world from virtually every major source country including India, Brazil, China, Turkey, Italy, Spain, and Mexico. Over time, the business has continued to grow

and MSI has added product lines such as porcelain, mosaics, quartz, and luxury vinyl tile ("LVT"). MSI has grown geographically as well, with more than two dozen distribution centers throughout the United States, and two in Canada. In 2017, MSI surpassed $1 billion in annual revenue, and MSI continues to grow. Currently, MSI employs more than 2,000 worldwide and more than 150 in Texas.

**MSI'S QUARTZ BUSINESS AND TRADEMARKS RELATING THERETO**

10. One of MSI's most successful product lines is quartz. To distinguish itself and its products from the products of others, MSI has adopted unique and distinctive trademarks for its quartz products. MSI began selling quartz products in 2008, and since that time, has spent enormous amounts of money and effort advertising its quartz products using its unique trademarks, including the trademarks that are the subject of this Complaint. Many of those marks are inherently distinctive, but to the extent any are not inherently distinctive, they have acquired secondary meaning. As a result of MSI's continuous, extensive and exclusive use of such marks in commerce throughout the United States and MSI's extensive advertising and sales of its quartz products under the marks, customers and those in the trade recognize MSI's quartz trademarks as signifying MSI as the source of such products, and such marks distinguish MSI's quartz products from the products of others.

11. As explained in more detail below, Defendants have used and/or are currently using several MSI trademarks for the same products, i.e., quartz, in a manner likely to cause consumer confusion. Among those trademarks are the following marks for which MSI owns United States Trademark Registrations.

12. On November 7, 2017, the United States Patent and Trademark Office ("USPTO") issued a registration to MSI for Cashmere Carrara® (Reg. No. 5,331,732) in Class 19 for "[e]ngineered stone for use in residential and commercial furnishings and fixtures; stone slabs and tiles for countertops, vanity tops, sinks, flooring and inside walls; all of the foregoing made in whole or significant part of quartz." A true and correct copy of MSI's Federal trademark registration for Cashmere Carrara® is attached hereto as Exhibit A.

13. On November 7, 2017, the USPTO issued a registration to MSI for Calacatta Classique® (Reg. No. 5,331,730) in Class 19 for "[e]ngineered stone for use in residential and commercial furnishings and fixtures; stone slabs and tiles for countertops, vanity tops, sinks, flooring and inside walls; all of the foregoing made in whole or significant part of quartz." A true and correct copy of MSI's Federal trademark registration for Calacatta Classique® is attached hereto as Exhibit B.

14. On May 19, 2020, the USPTO issued a registration to MSI for Calacatta Venice® (Reg. No. 6,060,719) in Class 19 for "slabs of natural quartz."

A true and correct copy of MSI's Federal trademark registration for Calacatta Venice® is attached hereto as Exhibit C.

15. In addition to the trademarks for which it has United States trademark registrations, MSI uses marks in connection with the sale of quartz for which it has common law protection based on the continuous, extensive and exclusive uses of such marks, and the fact that consumers and those in the trade recognize such marks as signifying MSI's quartz products and distinguishing MSI's quartz products from the quartz products of others.

**GALAXY'S BUSINESS AND IMPROPER USE OF MSI'S MARKS**

16. Galaxy sells granite, quartz and marble. Galaxy claims to have a huge selection of quartz countertops, which it sells out of its showroom in Houston. Galaxy directly competes with MSI in the sale of quartz products.

17. In or around March 2021, MSI learned that Galaxy was using "Calacatta Venice," "Cashmere Carrera," "Calacatta Classic" and "Sparkling White" in connection with its quartz products, which are identical or confusingly similar to MSI's Calacatta Venice®, Cashmere Carrara®, Calacatta Classique® and Sparkling White™ trademarks.

18. On March 17, 2021, counsel for MSI sent a letter to Galaxy demanding that Galaxy cease using the above-mentioned marks. MSI asked Galaxy to confirm no later than March 23, 2021 that it would stop using the marks.

Galaxy did not respond to the March 17, 2021 letter and did not remove the infringing marks from its website. Therefore, on March 26, 2021, counsel for MSI sent another letter to Galaxy noting that it had not received a response, and asking for confirmation no later than March 31, 2021 that Galaxy would stop using the marks. Galaxy has not responded to either of those letters, and Galaxy is still using the marks, including on its website at www.galaxystones.com.



19. Given that Galaxy is aware of MSI's trademark rights, but continues to use the infringing marks, Galaxy's infringement of MSI's trademark rights is willful and intentionally designed to confuse consumers and the trade as to source and/or association of the quartz products.

20. Galaxy's use of MSI's numerous trademarks is likely to cause confusion in the marketplace, and constitutes an intentional effort to trade off the good will of MSI. Galaxy's use of MSI's marks constitutes trademark infringement and unfair competition under the Lanham Act and Texas law.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement – 15 U.S.C. § 1114)

21. MSI realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, and incorporates them herein by this reference.

22. Defendants' unauthorized use of MSI's trademarks constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114. Defendants' use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive. In particular, actual or potential customers and others are likely to be confused as to whether Defendants are affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendants' goods or services.

23. Defendants' acts have caused and will cause significant damages, including MSI's lost sales and Defendants' wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused, and unless enjoined by this Court will continue to cause, significant harm to MSI's reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

24. Defendants' conduct has been willful and with full knowledge of MSI's trademark rights. Defendants will continue such willful and intentional conduct unless enjoined by this Court. In light of the willful nature of Defendants'

conduct, this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125)

25. MSI realleges each and every allegation set forth in paragraphs 1 through 24, inclusive, and incorporates them herein by this reference.

26. Defendants' unauthorized use of MSI's trademarks also constitutes false designation of origin and unfair competition in violation of the Lanham Act section 43(a), 15 U.S.C. § 1125(a). Defendants' use of MSI's trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between MSI and Defendants, and as to the origin, sponsorship or approval of Defendants' goods or services. In particular, actual or potential customers and others are likely to be confused as to whether Defendants are affiliated with, connected to, or associated with MSI, or whether MSI sponsors or approves Defendants' goods or services.

27. Defendants' acts have caused and will cause significant damages, including MSI's lost sales and Defendants' wrongful profits in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused, and unless enjoined by this Court will continue to cause, significant harm to MSI's reputation and goodwill which MSI has established through years of

effort and expense, for which irreparable injury MSI has no adequate remedy at law.

28. Defendants' conduct has been willful and with full knowledge of MSI's trademark rights. Defendants will continue such willful and intentional conduct unless enjoined by this Court. In light of the willful nature of Defendants' conduct, this is an "exceptional" case under the Lanham Act, which entitles MSI to its attorneys' fees in this action and enhanced damages.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

29. MSI realleges each and every allegation set forth in paragraphs 1 through 28, inclusive, and incorporates them herein by this reference.

30. The foregoing acts and conduct of Defendants constitute trademark infringement under Texas common law.

31. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be determined, and irreparable harm to MSI. Moreover, Defendants' conduct has caused, and unless enjoined by this Court will continue to cause, significant harm to MSI's' reputation and goodwill which MSI has established through years of effort and expense, for which irreparable injury MSI has no adequate remedy at law.

32. Defendants' conduct was done with a conscious disregard of the rights of MSI and with fraud and/or malice.  MSI seeks exemplary damages under Texas law in an amount appropriate to punish and/or set an example of Defendants.

33. As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants.  Unless restrained by this Court, Defendants will continue the acts herein complained of.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

34. MSI realleges each and every allegation set forth in paragraphs 1 through 33, inclusive, and incorporates them herein by this reference.

35. The foregoing acts and conduct of Defendants constitute unfair competition under Texas common law.

36. Defendants' acts have caused damage to MSI, including incidental and general damages, lost profits, and out-of-pocket expenses in an amount to be determined, and irreparable harm to MSI.  Moreover, Defendants' conduct has caused, and unless enjoined by this Court will continue to cause, significant harm to MSI's' reputation and goodwill which MSI has established through years of

effort and expense, for which irreparable injury MSI has no adequate remedy at law.

37. Defendants' conduct was done with a conscious disregard of the rights of MSI and with fraud and/or malice. MSI seeks exemplary damages under Texas law in an amount appropriate to punish or set an example of Defendants.

38. As a proximate result of Defendants' conduct, MSI has suffered and will suffer immediate and irreparable injury not compensable by money damages, such that preliminary and permanent injunctions should issue against Defendants. Unless restrained by this Court, Defendants will continue the acts herein complained of.

## FIFTH CLAIM FOR RELIEF

**(Unjust Enrichment)**

39. MSI realleges each and every allegation set forth in paragraphs 1 through 38, inclusive, and incorporates them herein by this reference.

40. The foregoing acts and conduct of Defendants constitute unjust enrichment of Defendants and MSI's expense. Defendants' acts have caused damage to MSI.

## PRAYER FOR RELIEF

WHEREFORE, MSI prays for judgment against Defendants as follows:

1. That Defendants, their members, officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from infringing or otherwise using MSI's trademarks, including the trademarks discussed above, or any confusingly similar marks;

2. That Defendants be required to forthwith deliver to MSI for destruction any and all merchandise or other items in their possession, custody, or control that would otherwise violate the aforesaid injunction;

3. That Defendants be further required to deliver to MSI for destruction any and all boxes, containers, labels, signs, prints, packages, wrappers, advertising, promotional and other material in their possession, custody or control displaying or promoting any merchandise or other items bearing or incorporating MSI's marks or any confusingly similar marks;

4. That Defendants account for all profits realized as a consequence of their unlawful acts of deliberate and intentional trademark infringement and unfair competition, as alleged herein, and that the amount of profits realized by Defendants by reason of their unlawful acts be trebled, as provided by law pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

5. That MSI be awarded damages in the full amount MSI has sustained as a consequence of Defendants' acts, trebled where provided by law, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

6. That MSI recover from Defendants reasonable attorneys' fees, costs and disbursements in this action pursuant to 15 U.S.C. § 1117 or otherwise;

7. That this case be deemed "exceptional" under the Lanham Act;

8. For damages, lost profits or other monetary amounts that are available under Texas law;

9. That the Court grant MSI restitution from Defendants by disgorgement of all profits earned through Defendants' conduct;

10. For exemplary or punitive damages;

11. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

12. For costs of suit; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

MSI requests a trial by jury as to all issues triable to a jury.

Dated: April 5, 2021    BAKER WILLIAMS MATTHIESEN LLP

By: s/*John C. Rawls III*
John C. Rawls III

        Attorney-in-Charge
        TX State Bar No. 24060930
        S.D. Texas Bar No. 413953
        Sarah Silbert
        Of Counsel
        CA State Bar No. 198594  (*pro hac vice motion forthcoming*)
        Baker Williams Matthiesen LLP
        5005 Woodway Dr Ste 201
        Houston, TX 77056
        Telephone:  (713) 888-3535
        Email:  rocky@bwmtx.com
        sarah@bwmtx.com

Attorneys for Plaintiff
M S INTERNATIONAL, INC.

RUTAN & TUCKER, LLP
OF COUNSEL
    Ronald P. Oines
    CA State Bar No. 145016 (*pro hac vice motion forthcoming*)
    Meredith L. Williams
    CA State Bar No. 292888 (*pro hac vice motion forthcoming*)
    Sarah E. Gilmartin
    CA State Bar No. 324665 (*pro hac vice motion forthcoming*)
    18575 Jamboree Road, 9th Floor
    Irvine, California  92612
    Telephone:  (714) 641-5100
    Facsimile:  (714) 546-9035
    Email:  roines@rutan.com
    mwilliams@rutan.com
    sgilmartin@rutan.com

Attorneys for Plaintiff
M S INTERNATIONAL, INC.